IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK JONES,                )
                            )
        Plaintiff,           )
                            )
    v.                       )
                            )   Civil Action No. 07-951
JEFFREY BEARD, SECRETARY OF  )   Judge Cercone
CORRECTIONS, et al.,         )   Magistrate Judge Caiazza
                            )
        Defendants.          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Partial Motion to Dismiss filed by Defendants (Doc. 23) be granted.

### II. REPORT

Frank Jones ("Jones" or "the Plaintiff") is a state prisoner currently incarcerated in the State Correctional Institution at Fayette ("SCI-Fayette"). His Complaint, filed pursuant to the provisions of 42 U.S.C. §1983, details a litany of alleged constitutional violations occurring during his incarceration, but all arising from three purported fabricated misconducts issued against him by three of the named Defendants. Presently before the court is a Partial Motion to Dismiss (Doc. 23) filed by the Defendants. The Plaintiff has responded to the Motion (Doc. 31), and it is now ripe for disposition.

A. **Legal Standard**

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957); i.e., "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In this action Jones asserts liability against the Defendants pursuant to 42 U.S.C. §1983. To state a claim under Section 1983, Jones must meet two threshold requirements. He must show: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins,

487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

B. **The Basis for Defendants' Motion**

The Defendants raise several arguments in support of their Motion. These arguments will be addressed *seriatim*.

C. **The Analysis**

1. Respondeat Superior

Jones alleges that Defendants Bohna, Clelland and Messina issued three separate misconducts against him in retaliation for an institutional grievance he filed. Defendants Beard, Wilson, Bitner, Burks, Scire, Cross, Newton, Mann and Varner are all alleged to have participated in the misconduct review process, and/or the grievance review process. These latter Defendants move to dismiss on the basis that no personal involvement has been alleged with respect to the underlying constitutional torts.

Officials may be liable under Section 1983 for the acts of those over whom they have supervisory responsibility. Supervisory liability, however, may not be premised solely upon a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Rather, some personal involvement of the supervising official must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: participated in violating a

plaintiff's rights; directed others to violate a plaintiff's rights; knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995).

A supervising public official has no affirmative duty to supervise and discipline to prevent violations of constitutional rights by his or her subordinates. Notwithstanding, when a supervising official knowingly permits a continuing custom or policy that results in harm to the plaintiff, Section 1983 liability may attach. Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir.1988), cert. denied, 489 U.S. 1065 (1989). However, at a minimum such liability may be imposed "only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate." Id.

In this case, Jones' allegations against Beard and Wilson are based on classic *respondeat superior* claims, *i.e.*, Jones alleges only that they are responsible generally for the overall operation of the penal facility at which the alleged misconduct occurred. This is clearly insufficient to state a civil rights claim. See, e.g., Rode, 845 F.2d at 1207 (supervisory liability

may not be premised solely on a theory of *respondeat superior*.).

Further, the claims against Defendants Bitner, Burks, Scire, Cross, Newton, Mann and Varner are premised upon allegations that these individuals were involved in some way in the grievance review process, *i.e.*, it is alleged that they failed to recognize and address the allegedly improper misconduct charges. This is, likewise, an insufficient basis for Section 1983 liability. Jefferson v. Wolfe, 2006 WL 1947721, at *17 (W. D. Pa. 2006)(denial of grievance or appeal on final review insufficient to establish personal involvement in alleged underlying violation); Watkins v. Horn, 1997 WL 566080 at * 4 (E.D.Pa. 1997)(concurrence in an administrative appeal process is insufficient to establish personal involvement). Therefore, all claims against Defendants Beard, Wilson, Bitner, Burks, Scire, Cross, Newton, Mann and Varner should be dismissed, leaving only claims against the three Defendants who filed the misconduct charges -Defendants Bohna, Clelland and Messina.

2. The Due Process Claim

Jones asserts that the filing of the misconducts by Bohna, Clelland and Messina was a violation of his right to due process. However, Jones must first set out facts which demonstrate that he had a protected liberty interest impaired by the Defendants' actions. Hewitt v. Helms, 459 U.S. 460 (1983); Morrissey v. Brewer, 408 U.S. 471 (1972). Once the Court determines that the

interest asserted is protected by the Due Process Clause, the question then becomes what process is due to protect it. Morrissey, 408 U.S. at 481.

In this case, the Plaintiff received a total of ninety days disciplinary custody as a result of the three misconducts. A brief period of administrative custody is not an "*atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.*" Sandin v. Conner, 515 U.S. 472, 483 (1995)(emphasis added). Hence, periods of administrative custody as long as fifteen months are insufficient to state a claim based upon the denial of a protected liberty interest. See Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (fifteen months in administrative custody "did not deprive [plaintiff] of a liberty interest"; Smith v. Mensinger, 293 F.3d 641, 652 (3d Cir. 2003) (seven months custody not atypical hardship). Clearly, the brief period Jones spent in administrative custody is not a period of administrative custody which warrants due process protection in the prison context, and these claims must be dismissed.

3. <u>Due Process in the Context of a Grievance Proceeding</u>.

Jones also appears to be making a claim that his grievance proceeding was mishandled because the Defendants did not follow the applicable procedures established by the Pennsylvania Department of Corrections. Prisoners, however, do not possess a due process right to file a grievance, nor does the creation of

such a procedure by the state create any federal constitutional rights. Wilson v. Horn, 971 F.Supp,. 943, 947 (E.D.Pa. 1997); Anderson v. Colorado Dept. of Corrections, 185 F.3d 873 (Table), 1999 WL 387163, *2 (10 Cir.1999) ("petitioner's allegations relating to the requirements of the Department of Corrections grievance procedure do not support a due process claim because those procedures do not create any liberty interest in the incarcerated petitioner."); Metcalf v. Veita, 156 F.3d 1231 (Table) 1998 WL 476254, *2 (6 Cir.1998)("As to the conduct attributed to the warden personally, consisting of denying [the Plaintiff's] appeals and grievances, [the Plaintiff] did not state a due process claim because he suffered no atypical and significant hardship as a result."); Adams v. Rice, 40 F.3d 72, 75 (4 Cir.1994)("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state . . . . We therefore affirm the district court's dismissal of this case as lacking a basis in law."); Overholt v. Unibase Data Entry, Inc., 221 F.3d 1335 (Table), 2000 WL 799760, *3 (6 Cir.2000) ("The defendants were not obligated to 'properly' respond to [the Plaintiff's] grievances because there is no inherent constitutional right to an effective prison grievance procedure.") (citations omitted).

Thus, this claim fails as well.

4. The Eighth Amendment Claim.

The Defendants also challenge the Plaintiff's assertion that the protection against cruel and unusual punishment was violated by his placement in disciplinary custody. To state an Eighth Amendment claim, the Plaintiff must allege both that he has been denied "the minimal civilized measure of life's necessities" and that this was done while the Defendants had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Mere placement in segregated confinement, without more, does not violate the Eighth Amendment. "[S]egregated confinement in solitary or maximum security is not per se banned by the Eighth Amendment." Clifton v. Robinson, 500 F.Supp. 30, 34 (E. D.Pa.1980)(quoting Burns v. Swenson, 430 F.2d 771, 777 (8th Cir 1979)). Further, "'isolation from companionship, restriction on intellectual stimulation[,] and prolonged inactivity, inescapable accompaniments of segregated confinement, will not render [solitary] confinement unconstitutional absent other illegitimate deprivations.'" In re Long Term Administrative Segregration of Inmates Designated as Five Percenters, 174 F.3d 464, 472 (4th Cir. 1999)(quoting Sweet v. South Carolina Dept. of Corrections, 529 F.2d 854, 861 (4th Cir.1975))(en banc). Here, there is no allegation in the Complaint which can be seen as alleging that Jones was denied "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. Hence, the Eighth

Amendment claim should be dismissed as to all Defendants.

5. The First Amendment Claim

In passing. Jones mentions the First Amendment, but pleads no facts from which the Court can discern a First Amendment claim. Compare, Beard v. Banks, 548 U.S. 521 (2006) (Pennsylvania Department of Corrections LTSU rule that inmates in the unit are not permitted newspapers or magazines survived a First Amendment challenge.). Thus, this claim must be dismissed as well.

6. Claim Under the Pennsylvania Constitution.

Jones' claims under the Pennsylvania Constitution must be dismissed because no private cause of action exists to assert such claims. Douris v. Schwieker, 229 F.Supp.2d 391 (E. D. Pa. 2002) (explaining that although Pennsylvania courts have not yet addressed the issue, federal courts have consistently held that no private cause of action is available under the Pennsylvania Constitution); see also, Sabatini v. Reinstein, No. CIV. A. 99-2393, 1999 WL 636667 (E. D. Pa. Aug.20, 1999).

D. **Conclusion**

All claims against Defendants Beard, Wilson, Bitner, Burks, Scire, Cross, Newton, Mann and Varner should be dismissed since the claims against them fail to meet the standard for supervisory liability under §1983. Further, the Plaintiff's claims pursuant to the Due Process Clause, the Eighth Amendment, the First Amendment, and the Pennsylvania Constitution should also be

dismissed. What remains in this case are the Plaintiff's claims that Defendants Bohna, Clelland and Messina retaliated against him for filing an institutional grievance by issuing three separate, fabricated misconducts.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 28, 2008.

May 12, 2008                          s/Francis X. Caiazza
                                      Francis X. Caiazza
                                      United States Magistrate Judge


cc:
FRANK JONES
BM-7121
SCI Fayette
P. O. 9999
LaBelle, PA 15450-0999