# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK JONES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-951 |
| | ) Judge Cercone |
| JEFFREY BEARD, SECRETARY OF CORRECTIONS, *et al.*, | ) Magistrate Judge Bissoon |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendants' Motion for Summary Judgment (Doc. 35) be granted.

### II. REPORT

Frank Jones is a state prisoner currently incarcerated in the State Correctional Institution at Fayette ("SCI-Fayette"). What remains in this prisoner civil rights case are claims that Defendants Bohna, Clelland and Messina each issued a misconduct report against Jones on June 8, 2006, and that they did so in retaliation for an institutional grievance Jones filed.[1] Defendants Bohna, Clelland and Messina have now filed a Motion for Summary Judgment (Doc. 35) and Plaintiff has responded (Doc. 39). The motion is now ripe.

####    A.    Legal Standard

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*" Fed. Rule Civ. Proc. 56(e) (emphasis added), or the factual record will be taken as presented by the moving party and

---

[1] All other claims raised in the Complaint, and all other Defendants, were dismissed on June 23, 2008 (Doc. 33).

judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., at 251-52.

Jones asserts liability against Defendants pursuant to 42 U.S.C. §1983. To state a claim under Section 1983, Jones must meet two threshold requirements. He must show: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

**B. Facts**

Plaintiff is a prisoner at SCI Fayette, and Defendants are SCI-Fayette employees. Edward Bohna is the school principal (Doc. 36, Ex. A, ¶ 1), Michael Messina is a teacher (Id., Ex. B, ¶ 1) and Gay Clelland is an Academic Guidance Counselor (Doc. 36, Ex. C, ¶ 1). Plaintiff was taking high school classes during his incarceration, but decided to opt out of the program before obtaining his General Education Development (GED) diploma. Plaintiff was denied permission to opt out by the education staff, who "strongly believed" Plaintiff could obtain his GED (Doc. 39-2, p. 2). Plaintiff filed a grievance, and the Grievance Officer wrote on June 6, 2006, that she had spoken to the education staff, and that the decision to opt out of the GED program "remains with [Plaintiff] and if you want to opt out of school you will be permitted to do so." (Doc. 39-2, p. 1). The Grievance was indicated as being "resolved" because the education staff agreed that Plaintiff could opt out of the GED program (Id.).

### 1. Misconduct No. A681318

On June 8, 2006, Plaintiff was informed by Principal Bohna that Instructor Messina was dropping Plaintiff from his class due to poor attendance. Plaintiff disputed that he had an attendance problem, and an argument ensued. Bohna reported in Misconduct No. A681318 that Plaintiff said "someone is going to get hurt" (Doc. 36-2, p. 3). Bohna interpreted this as a threat. Plaintiff pled not guilty to the charge, and appeared at a hearing on June 12, 2006 (Doc. 36-2, p. 13). The Hearing Examiner, Kerri Cross, indicated that Plaintiff's version of events at the hearing was that he was upset and said some things, but he did not recall making a threat (Id.). The Hearing Examiner found Plaintiff guilty of having made a threat.

Plaintiff appealed the Hearing Examiner's decision and admitted that he told Bohna "someone is playing mother f'in game[s] with my attendance" but Plaintiff denied making a threat (Doc. 36-2, p. 14). The Hearing Officer's decision was upheld through all levels of appeal (Id., pp. 16, 18 and 19).

### 2. Misconduct No. A281894

Plaintiff left Principal Bohna and immediately found Instructor Messina to discuss the matter of his attendance. Misconduct No. A281894 was prepared by Messina. Plaintiff is said to have "confronted" Messina about attendance at class. Messina informed Plaintiff that he had six absences, and that this was the reason Plaintiff was dropped from the class (Doc. 36-2, p. 21). Plaintiff became "boisterous and argumentative" and Messina gave Plaintiff two orders to return to his cell block (Id.). Plaintiff did not immediately comply, but instead remained and argued. Messina accused Plaintiff of refusing to obey an order.

Plaintiff pled not guilty to the charge, but the Hearing Examiner found Messina's version credible (Id., p. 22). Plaintiff appealed, and detailed his version of events. Plaintiff claimed that

he attempted to leave after Messina's first order directing him to do so, but he "turned the wrong way" and had to walk back past Messina (Id., p. 23). Plaintiff maintained, and argues in his brief here, that he was not trying to argue with Messina after he turned around, but instead was only trying to explain why he had turned around (Id.). The Hearing Examiner's decision to find that Plaintiff failed to obey a direct order was affirmed on all levels of appeal (Id., pp. 25, 27 and 29).

### 3. Misconduct No. A681319

During this same time frame, Plaintiff encountered Academic Counselor Gay Clelland who saw Plaintiff in the school lobby. Ms. Clelland reported that she gave Plaintiff a direct order to return to his cell block, but Plaintiff argued and refused, necessitating the intervention of a Corrections Officer (Doc. 36-2, p. 30). Plaintiff disputed Clelland's version, and asserted in his response to the Misconduct that he encountered Ms. Clelland only because he was directed back to the school area by another Corrections Officer, who told Plaintiff to obtain a pass to go back to his cell block (Id., p. 31). The Hearing Officer dismissed the misconduct report "without prejudice" because Plaintiff was "sanctioned for [the] offense on misconduct # A281894 [filed by Instructor Messina]" (Id., p. 32).

### C. Analysis

Plaintiff asserts that the Defendants did not have legitimate reasons for issuing the three Misconducts on June 8, 2006, but that they did so for the purpose of retaliating against him for filing the grievance which was resolved in his favor on June 6, 2006. "Government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000); Mitchell v. Horn, 318 F.3d

4

523, 530 (3d Cir. 2003). In order to state a *prima facie* case of retaliation, a prisoner must demonstrate:

1) the conduct in which he was engaged was constitutionally protected;

2) he suffered "adverse action" at the hands of prison officials; and

3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

Where a *prima facie* case of retaliation has been made, the burden then shifts to the Defendants to demonstrate by a preponderance of the evidence that their actions would have been the same even if Plaintiff were not engaging in the constitutionally protected activities. Rauser, 241 F.3d at 334. Because retaliation claims can easily be fabricated, district courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995), cert. denied, 516 U.S. 1084 (1996); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir.1995).

Defendants concede for purposes of their Motion for Summary Judgment that Plaintiff has met the first two requirements of a *prima facie* case, and instead focus upon the third element that requires proof of motivation. Defendants argue that Plaintiff has failed to adduce any evidence of retaliatory motive. Each Defendant has provided an affidavit in which they attest that their sole motivation was to report a breach of prison regulations, and that they did not retaliate against Plaintiff (Doc. 36-2, Exs. A-C).

In response, Plaintiff relies solely upon the timing of the three Misconduct Reports, i.e., they were filed two days after his grievance was resolved. Indeed, the "motivation" factor may

be established by a chronology of events from which retaliation plausibly may be inferred. Tighe v. Wall, 100 F.3d 41, 42 (5th Cir.1996); Goff v. Burton, 91 F.3d 1188 (8th Cir.1996); Pride v. Peters, 72 F.3d 132 (Table), 1995 WL 746190 (7th Cir.1995). Here, however, there are several facts, some uncontested, some conceded by Plaintiff, which make an inference of retaliatory motive unreasonable in this case, even in light of the proximity of events.

First, although Plaintiff filed a grievance, the matter was disposed of by agreement, i.e., the grievance was resolved. Second, this is not a case where animus can be inferred from the nature of the grievance filed. This is not, for example, a case where a prisoner has accused a prison official of misconduct through a grievance procedure. Rather, Defendants are members of the education staff and were encouraging Plaintiff to better himself by obtaining a GED. Plaintiff wanted to avoid classes he was no longer interested in taking. The Court can see no basis for inferring that this situation would give rise to animosity or any motive for retaliation. Third, Plaintiff's own accounts of the three incidents do not support an inference of retaliation. Plaintiff concedes he said some rash things to Principal Bohna, but argues that he made no threat. Plaintiff concedes he did not immediately leave the area, but returned, when Messina told him to leave, although he asserts that he had simply "turned the wrong way." Plaintiff does not contest that he was in an unauthorized area when Clelland directed him to leave, and does not contest that he did not immediately leave the area when directed to do. Instead, Plaintiff maintains that he was mistakenly directed back to the area by another officer. In short, Plaintiff has conceded at least some of the misconduct for which he was punished, and has presented rather thin excuses for the rest. The Court agrees that Plaintiff simply has not presented evidence from which an inference of retaliation may reasonably be made, and Defendants are entitled to summary judgment.

Defendants are entitled to summary judgment even if Plaintiff could satisfy the element of establishing motivation. Defendants have presented evidence that Jones's misconduct offenses were supported by legitimate violations of prison regulations, i.e., they argue that they can carry their burden of establishing that the same actions would have been taken even absent Plaintiff's successful grievance. See Carter v. McGrady, 292 F.3d 152 (3d Cir.2002) (no genuine issue of material fact that jailhouse lawyer would have been disciplined notwithstanding his jailhouse lawyering). In fact, each of the misconduct violations in this case were backed by investigations including statements by prison officials and by Jones. See Massachusetts Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985) (holding that the requirement of a written statement for the reasons relied upon by the disciplinary board "does not imply that a disciplinary board's factual findings ... are subject to second-guessing upon review"). As noted above, Plaintiff admitted to being angry in his discussion with Bohna, and merely denied memory of having made a threat. He also admitted that he did not leave when first ordered to do so by Defendant Messina. In addition, each of the misconducts was upheld upon review by persons who were not the subject of the grievance filed by Jones. The Court views this neutral evaluation of the misconducts to be significant.

In evaluating a prison official's opinion, "[p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). "It is the hearing examiner's providence, and not this court's, to gauge the credibility of evidence and witnesses at a misconduct hearing." Rauso v. Vaughn, 2000 WL 873285, *8 (E.D.Pa.2000) (citing Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 455-56, 105 S.Ct. 2768, 86

L.Ed.2d 356 (1985) (holding that the requirement of a written statement for the reasons relied upon by the disciplinary board "does not imply that a disciplinary board's factual findings ... are subject to second-guessing upon review")). In this case, Defendants have presented sufficient evidence for the Court to conclude that the misconducts would have issued notwithstanding Plaintiff's filing of a grievance. Carter v. McGrady, supra (even if prison officials were motivated by animus to jailhouse lawyers, there was sufficient evidence of the plaintiff's misconduct offenses to conclude that the misconducts would have issued notwithstanding his jailhouse lawyering).

## III. CONCLUSION

For all of the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment (Doc. 35) be granted. In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 8, 2009.

s/ Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

Date: May 22, 2009


cc:
FRANK JONES
BM-7121
SCI Fayette
P. O. 9999
LaBelle, PA 15450-0999